# CASES AT LAW

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY.

## AT JUNE TERM, 1860.

---

### ELISHA RUCKMAN *vs.* JACOB D. C. OUTWATER.

1. Where land is conveyed by deed without any clause of reservation, the title to the manure lying in and around the barn-yard does not pass to the grantee.

2. Manure lying in a barn-yard, where it has accumulated, is personal property, but after it is spread upon the land, and appropriated to fertilizing purposes, it becomes a part of the freehold, and passes with it.

---

In error to the Bergen Circuit Court.

*Zabriskie,* for plaintiff in error.

*Bradley,* for defendant.

The opinion of the court was delivered by

HAINES, J. To an action of assumpsit, the plaintiff in error, who was the defendant below, pleaded payment with a notice of set-off, in which he charged the plaintiff below with a quantity of manure sold and delivered. To sustain

3 c*

this charge, he gave in evidence a deed of conveyance, from the plaintiff to him, of a farm, in the county of Bergen, containing no exception or reservation of manure or of fixtures. And he further proved that the plaintiff, by his consent, remained in the possession of the premises after the execution of the deed, and that, while he continued in such possession, the plaintiff took and carted away the manure, which was lying in and spread over the barn yard, and not in heaps, at the time of the sale and conveyance of the farm.

The court was requested to charge the jury that the manure so lying in the barn-yard, and not in heaps at the time of the sale and conveyance of the farm, if not reserved by the vendor, passed by the deed with and as a part of the farm. The court refused so to charge, but instructed the jury, in effect, that the title to the manure did not pass by the deed, and that the defendant, as purchaser of the farm, could not claim as of right the manure that had accumulated in the barn-yard. On this the error is assigned, and the judgment sought to be reversed.

The question thus presented is, whether, by the deed of conveyance of a tract of land without any clause of reservation, the title to the manure lying in and around the barn-yard, where it had accumulated, passed to the grantee.

By an ordinary deed of conveyance of land nothing passes to the grantee but the real estate and its appurtenances, and whatsoever is so attached or affixed to it, that it cannot be removed without injury to the freehold. Hence the question arises, whether manure so lying in a barn-yard is a part of the real estate, or an appurtenant to it, or so attached to the freehold that it passes with it. by virtue of the deed of conveyance.

The question is not to be determined by the rules of law regulating fixtures, for the property in question is in no respect a fixture, an article of a personal nature affixed to the freehold, and which cannot be removed without injury to it, nor is it claimed as such. It is claimed as a

part of the freehold itself, an appurtenant to it, and which, for the sake of agriculture and good husbandry, should not be removed.

But, as between the grantor and grantee, I can discover no reason, nor can I find any satisfactory authority for such claim. Manure in the yard is as much personal property as the animals and the litter from which it is produced, as much so as the grain in the barn or the stacks of hay in the meadow. And it is not material whether it lies up in heaps or scattered around the yard; whether as thrown from the doors or windows of the stable, or where it accumulated from the droppings of the cattle. But when it is spread upon the land, and appropriated to it for fertilizing purposes, then, and not until then, does it become a part of the freehold. Posts and rails, designed for the farm, are personal property so long as they remained in piles or otherwise unappropriated; but as soon as they are converted into fence they become a part of the freehold affixed to it, so as to lose the character of personalty.

As well may the timber, stones, and other materials brought together for the construction of a building be regarded as a part of the farm before the building is erected, as the manure before it is applied.

Between the vendor and the vendee the rule, as to what is personal, and what real estate, is the same as between the heir at law and the executor. As between the latter, it obtains with the most rigor in favor of the inheritance and against the right to consider as personal property anything which has been affixed or is appurtenant to the freehold. Yet, as between them, manure has ever been regarded as personal property, and sold by the executor without a question of the right to do so.

In 1 *Williams on Executors* 511, we find it declared " that dung in a heap is a chattel, and goes to the executor; but if it lies scattered on the ground, so that it cannot well

be gathered up without gathering a part of the soil with it, then it is parcel of the freehold.

Toller, in his law of executors, page 150, says—" Manure in a heap, before it is spread on the land, is a personal chattel."

In *Carver* v. *Pierce*, *Styles* 66, cited in 11 *Vin. Ab.* 175, *Executor*, 2 Roll, J., as early as Mich. term of 23 Charles, held that dung in a heap is a chattel, but if spread upon the land it is not.

Such is the rule of the common law, and also of the ecclesiastical law, and as we have no statute on the subject, it is also the law of New Jersey, and I can find no satisfactory reason in any commentary or in the adjudication of other states for changing the rule.

In 2 *Kent's Com.* 346, it is laid down that manure lying upon the land, and fixtures erected by the vendor for the purpose of trade and manufactures, such as potash kettles, pass to the vendee of the land. But the author is there treating of fixtures, and refers for authority to cases which, so far as they relate to manure, cannot be sustained on the principles of the common law, as between vendor and vendee, or landlord and tenant, in the absence of some covenant or local custom to control them. *Miller* v. *Plumb*, 6 *Cowen* 665, relates strictly to the question of fixtures, the right to potash kettles, troughs, and leaches. In *Kirwan* v. *Latour*, 1 *Har. & Johns.* 289, the right to a still-house apparatus and utensils for carrying on a distillery was a question.

*Powell* v. *Monson*, 3 *Mason* 459, relates to the mill-wheel and gearing of a factory, and *Farrer* v. *Stackpole*, 6 *Greenl. R.* 154, to the fixtures of a saw-mill. Unless the discriminating commentator can be supposed to have adopted the fallacy of the reasoning in *Kittredge* v. *Woods*, 3 *New Hamp. R.* 503, it is fair to presume that, in speaking of manure lying upon the ground, he had reference to such as had been spread upon the land, and appropriated to it.

In *Kittredge* v. *Woods*, 3 *New Hamp. R.* 503, decided in 1829, Ch. Just. Richardson, in a very elaborate opinion, held that all manure, whether it be in heaps about barns or made in other places on the land, goes with the land to the vendee. As this is a leading case, which has been followed and relied upon by the courts in nearly all the cases in New England and New York, it may be proper to examine the principles on which it is based.

After discussing the law of fixtures between parties in their various relations, the Chief Justice refers to authorities to show that things which, although not affixed to the freehold, go to the heir as appurtenances to the inheritance, namely to doves able to fly, which with the dovecot go to the heir, while young doves in the dovehouse not able to fly belong to the executor. He refers, also, to the keys of the doors and to chests containing the title deeds, which go to the heir, and then adds—"We are inclined to think that the principle of these decisions will give to the heir the manure which may be carried out and left upon the field in heap for dressing, or which may be left lying in heaps about the barns upon the land."

But I am at a loss to perceive how the rules for the disposition of such articles can change or modify the equally well settled rules as to manure.

Doves are animals *feræ naturæ*, except when in the care or custody of an owner, as when confined in a dovecot or pigeon-house, or when in the nest not able to fly. *Bouvier's L. Dict.* 448, title *Dove*. When not in such care they are not, in contemplation of law, the property of any individual, and are not the subject of larceny. 2 *East Pl. Crown* 607, § 41. But young doves, not able to fly or leave the cot, may be the subject of ownership, and as personal property, go to the executors, while those able to fly are not strictly property, personal or real, and go where they please, and alight where they list. If there be any ownership in such birds, it is in the nature of

heirlooms, and as such, like hares in a warren, or fish in a pond, go to the heir with the inheritance.

So title deeds are not personal property, and the stealing of them is no larceny, but only a trespass, because they concern the land, or, in technical language, savor of realty, and are considered a part of it by the law ; and so they descend to the heir, together with the land which they concern. 4 *Bl. Com.* 234. They are necessary to secure the enjoyment of the land, and are annexed to, and are called heirlooms, and descend with the inheritance to the heir. 2 *Bl. Com.* 28 ; 14 *Viner's Ab.* 291.

And the boxes or chests in which they are contained, and which are necessary to their preservation, go with the deeds, as do the tapes and strings that tie them. On the same principle, the keys of the doors of the house are a part of the inheritance, and go with it. These articles are all regarded as belonging to the freehold, although in fact severed from it. Having been appropriated to the land, like boards which have fallen from the fence or building, or like a mill-stone which has been lifted from its bed for the purpose of being picked, they continue to be a part of it. Hence I have ventured to characterize the reasoning and deductions of the case as fallacious.

*Daniels* v. *Pond*, 21 *Pick.* 367, decided in 1838, has also been considered as a leading case in relation to manure.

In the opinion of the court, expressed by Chief Justice Shaw, it was declared that manure made on a farm occupied by a tenant at will or for years in the ordinary course of husbandry, consisting of collections from the stable and barn-yard, or of compost formed by an admixture of these with the soil or other substances, is, by usage, practice, and general understanding, so attached to and connected with the realty that, in the absence of any express stipulation on the subject, the outgoing tenant has no right to remove it, or to sell it to be removed. This opinion is expressly based on usage, practice, and

Ruckman *v.* Outwater.

general understanding, and is consequently of no value in a case where there is no proof of any such usage or practice.

In *Middlebrook* v. *Corwin*, 15 *Wend. R.* 170, determined in 1836, Nelson, J., cites the English authorities above referred to as fixing the rule on this subject, and adds, perhaps this rule is to be taken with some qualifications.

The practice and usage of the neighboring country, and even in relation to a particular farm, should enter into the decision of the question; because the parties are presumed to enter into the engagement with reference to it, where there is no express stipulation. And he concludes a tenant has no right to remove the manure.

While this case recognises the rule of the common law, it seeks to modify it by the consideration of local usage; but it can have no weight against that rule in this case, where there is no evidence of any such usage.

The cases thus referred to and considered are leading cases, and have had their influence on those which followed them, and it is sufficient for the present purpose to say, that although they are entitled to great respect and to much weight where they are applicable, yet that the reasoning and the principle of none of them are such as to induce us to make innovation upon the rule of the ecclesiastical and common law long recognised and maintained by us.

The conclusion is that manure lying in and around the yard, not spread upon the land, is personal property, and does not by virtue of the deed of conveyance pass with the freehold; that there is no error in the charge of the court below, and that the judgment must be affirmed with costs.

*For affirmance*—The CHANCELLOR, Judges HAINES, VREDENBURGH, WHELPLEY, COMBS, SWAIN and WOOD.

*For reversal*—Judges VAN DYKE and CORNELISON.

CITED in *Blancke* v. *Rogers*, 11 *C. E. Gr.* 568.